## KERMIT FLEMING V. THE STATE.

No. 9724.   Delivered December 23, 1925.

**Delinquent Child—Information—Held, Insufficient.**

Where an information which attempts to charge appellant with being a delinquent child by reason of his having committed three felony offenses, and in none of the subdivisions of the information are there contained averments sufficient to charge the felonies named therein, the information is insufficient, and for this reason, the judgment is reversed, and dismissed.   Following Guerrero v. State, 87 Tex. Crim. Rep. 170; Ex Parte Roach, 87 Tex. Crim. Rep. 370.

Appeal from the County Court of Delta County, sitting as a juvenile court.   Tried below before the Hon. Chas. D. Berry, Judge.

Appeal from a conviction of being a delinquent child, penalty two years in the State Training School for negro boys.

The opinion states the case.

*C. C. McKinney,* of Cooper, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the offense or delinquency; punishment fixed at confinement in the State Training School for negro boys for a term of two years.

The charging part of the information is as follows:

" * * * with force and arms did unlawfully hereto commit offenses enumerated herein such as to constitute said Kermit Fleming a delinquent child.   Said offenses complained of are as follows:

Did on or about 3rd day of March, 1925, commit the offense of burglary, by breaking into the hardware store of J. F. Henslee in Cooper, Delta Co., Texas.

Did on or about the 3rd day of March, 1925, commit the offense of theft over $50 by taking from the possession of J. F. Henslee without the consent of said J. F. Henslee pistols of more than the value of $50.00.

Did on or about the 6th March, 1925, commit the offense of robbery with firearms, by forcing one Alvin Taylor, by threats

of life to deliver to him certain money to the amount of $3.00, contrary to the form and Statute in such cases made and provided, and against the peace and dignity of the State."

Upon the trial and upon this appeal the information is attacked as too general. We have been favored with no brief. It is believed, however, that the motion to quash should have been sustained. Guerrero, v. State, 87 Tex. Crim. Rep. 170; Ex Parte Roach, 87 Tex. Crim. Rep. 370. In none of the subdivisions of the information are there contained averments sufficient to charge the felony named therein. For this reason, the judgment is reversed and the appeal ordered dismissed.

*Reversed and dismissed.*