HOMER ROSE AND BILLIE ROSE V. THE STATE.

No. 20540. Delivered June 14, 1939.

The opinion states the case.

*Price & Moss,* of Post, for appellants.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellants were adjudged to be delinquent children and ordered committed to the State Juvenile Training School at Gatesville, Texas, until May 1, 1944.

The only ground upon which a reversal of the judgment is sought is the alleged insufficiency of the complaint and the information, in that the same fail to charge that the property alleged to have been stolen was "fraudulently" taken. The complaint, omitting the formal parts, reads as follows: "That heretofore, to-wit, on or about the 4th day of April, 1939, in the County of Garza and State of Texas, one Homer Rose and one Billie Rose and each of them * * did then and there unlawfully by force threats and fraud break and enter a house there situate and occupied and controlled by W. R. Graeber known as the Corner Grocery Store with the intent then and there to commit theft, and the said Homer Rose and Billie Rose and each of them did then and there take from said House, and from the possession of the said W. R. Graeber five dollars in money, the same being the corporeal personal property of the said W. R. Graeber, without the consent of the said W. R. Graeber

and with intent to deprive the said W. R. Graeber of the value thereof, and to appropriate the same to the use and benefit of them the said Homer Rose and Billie Rose, which acts aforesaid, the said Homer Rose and Billie Rose, each being a boy under 17 years old, constitute the said Homer Rose and Billie Rose and each of them a delinquent child, etc. * *"

The information follows the complaint.

Art. 5143a, Vernon's Ann. Civ. Statutes, defines the term "delinquent child" as follows: "The term "delinquent child" shall include any boy between the ages of ten (10) and seventeen (17) years and/or any girl between the ages of ten (10) and eighteen (18) years who violates any penal law of this State, or who is incorrigible, or who knowingly associates with thieves, vicious or immoral persons, or who knowingly visits a house of ill repute, or who is guilty of immoral conduct in a public place, or who knowingly patronizes or visits any place where a gambling device is being operated, or who habitually wanders about the streets in the nighttime without being on any business or occupation or who habitually wanders about any railroad yard or tracks, or habitually jumps on and off of moving trains or who enters any car or engine without lawful authority. Any such child committing any of the acts herein mentioned shall be deemed a delinquent child, and shall be proceeded against as such in the manner hereinafter provided, and as otherwise so provided by the law, so as to effect the object of this law." (Acts 1937, 45th Leg. p. 1328, ch. 492, Sec. 1, effective June 9, 1937.)

Art. 1085, C. C. P. provides: "A proceeding against a delinquent child may be begun by an information based upon a sworn complaint, each of which shall state in general terms that the acts alleged constitute such child a delinquent child, and shall conform in other respects to the rules governing prosecutions for misdemeanors begun by information and complaint. Any proceeding so begun which states upon the face of the information that the age of the child is under seventeen in the case of males and under eighteen years in the case of females shall not be regarded as charging a child with a felony or misdemeanor but as a delinquent child, although such acts alleged would otherwise charge a felony or a misdemeanor, etc."

It will be noted that under the statute, the complaint and information need not charge an offense with the same particularity as in cases charging adults with offenses against the law. Under the peculiar wording of the statute, all that is required

is to state in general terms that the acts alleged constitute such a child a delinquent child under Art. 1085, C. C. P. supra.

It will be noted that the complaint charges that Homer and Billie Rose did unlawfully and by force, threats and fraud break and enter a house occupied and controlled by Mr. Graeber with the intent to commit theft and took $5 in money, the personal property of Graeber, without his consent, which acts constituted them delinquent children, both being under 17 years of age.

In our opinion this was sufficient under the statute to bring them within the term "delinquent children." When they unlawfully broke and entered the store and took $5 without the owners consent and with the intent to deprive him of its value, they violated the penal laws of this State, although the complaint failed to charge the offense with that particularity required in charging the criminal offense. They are not charged here as criminals, but as delinquent children. The proceedings, as we understand them, is not for the purpose of trying children for a specific crime, but evidence of a specific crime is admissible and may be considered in determining whether the child is a delinquent. Had appellants been prosecuted as criminals and not as delinquent children, a different question would have been presented.

We are not unmindful of the opinion rendered by this Court in the case of Fleming v. State, 278 S. W., 846, 102 Texas Crim. Rep., 530, holding contrary to the views herein expressed. However, upon careful consideration of that case, we are inclined to the opinion that the construction of the statute in that case is too restrictive in view of the peculiar wording of the statute.

We are, however, of the opinion that under Art. 5143a supra, the complaint and information are insufficient to confer active jurisdiction upon the court and over the subject, in that it is not alleged that the children were over ten years of age. If they were not, then the court was without authority to try them and order them confined to the State Juvenile Training School.

Having reached the conclusion that the complaint and information are insufficient, the judgment is reversed and the prosecution order dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.