ODESSA HAYWOOD V. THE STATE.

No. 20842. Delivered February 14, 1940.

The opinion states the case.

E. B. Chambers and John H. Dittmar, both of San Antonio, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant, a female under the age of eighteen years, was convicted by a jury in the juvenile court and declared to be a

delinquent child, and was committed to the Girls Training School at Gainesville, Texas, for an indeterminate term not extending beyond July 23, 1944.

She was tried upon a complaint and information, the latter reading in part as follows:

"Now comes L. J. Gittinger, Assistant Criminal District Attorney of Bexar County, Texas, upon the affidavit of George D. Pickens, attached hereto and made a part hereof, and represents to the County Court of Bexar County, Texas, that on the 19th day of April, 1939, one Odessa Haywood was a (female child and under the age of 18 years) residing in Bexar County, Texas, and before the making of this information was a delinquent child.

"That said child is incorrigible; and that said child knowingly associates with thieves and idle persons; and that said child habitually wanders about the streets of the City of San Antonio, Bexar County, Texas, in the night time without being on any business or occupation; and the said child is and has been guilty of immoral conduct in public places, to-wit: in the streets of the City of San Antonio, Texas, and that on or about the 15th day of April A. D. 1939, in the County of Bexar, State of Texas, and before the making and filing of this information, did then and there unlawfully and voluntarily and with malice aforethought kill and murder Carrie Lee Thompson by then and there stabbing the said Carrie Lee Thompson with a knife, constituting the said Odessa Haywood a delinquent child, against the peace and dignity of the State."

Article 5143a, Vernon's 1939 Cummulative Supplement to the Texas Statutes, passed by the Legislature in 1937, defines a "delinquent child" as any boy between the ages of 10 and 17 years, and any girl between the age of 10 and 18 years who violates any penal laws of this State, etc. It will be noted from the above set forth information that nowhere therein is it alleged that appellant was over the age of ten years at the time of the making of the allegations.

We have heretofore recently held in the case of Rose, et al v. State, 129 S. W. (2d) 639, that it was necessary to charge in the indictment, or in the complaint and information, that the person so charged as being a delinquent child, in the case of a boy, that he was over the age of ten years and under the age of seventeen years; if a girl, as in this present instance, that she was over the age of ten years and under the age of eighteen years.

There being an absence of an allegation that appellant was over the age of ten years, under the authority of the above case we hold this complaint and information defective, and the judgment is reversed and the prosecution is therefore ordered dismissed.