# APRIL 3, 1940

IDA MAE BEADLES v. THE STATE.

No. 20965.    Delivered April 3, 1940.

The opinion states the case.

*Ramey A. Smith,* of Sulphur Springs, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The appellant was adjudged to be a delinquent child by the County Court of Hopkins County and ordered committed to the State Juvenile Training School for Girls at Gatesville until the 15th day of June, 1943.

The complaint, omitting the formal parts, reads as follows:

"That on or about the 6th day of December 1939 and before the making and filing of this complaint, in the County of Hopkins and State of Texas, Ida Mae Beadles did then and there unlawfully live the life of a vagrant, in that said complained of party was a common prostitute. And the said E. W. Banister, after being duly sworn, upon his oath deposes and says that said complained of party is a delinquent child in

that she is incorrigible, and wanders in divers and suspicious places at night; and that the said Ida Mae Beadles is under eighteen years of age, etc."

The information follows the wording of the complaint. The trial was before the court without the intervention of a jury. The court found appellant to be a delinquent child and ordered her committed as above set out. Appellant, by motion in arrest of judgment attacked the sufficiency of the complaint and information. The motion was overruled, whereupon she filed a motion for a new trial based on the ground (among others) that the court erred in overruling her motion in arrest of judgment. This motion was also overruled and appellant excepted and gave notice of appeal to this court.

We are of the opinion that the trial court fell into error in declining to sustain the motion in arrest of judgment. Art. 5143a Vernon's Ann. Civ. Statutes, defines the term "delinquent child" as follows: "The term 'delinquent child' shall include any boy between the ages of ten and seventeen years and/or girl between the ages of ten and eighteen years who violates any penal law of this state, or who is incorribible * * *" etc.

Consequently it was necessary to charge in the complaint and information that the girl was over 10 and under 18 years of age in order to bring her within the definition of a delinquent child. The question was passed on by this Court in the case of Homer & Billie Rose v. State, 137 Tex. Crim. Rep., 316, 129 S. W. (2d) 639; we do not deem it necessary to again discuss it here. See also Haywood v. State, No. 20,842, delivered by this Court on February 14, 1940, and not yet reported. (138 Texas Crim. Rep. 413.)

Upon authority of the above cases, the judgment is reversed and the prosecution ordered dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.